(132 So. 222)

**ALPHA v. ROSE et al.**

No. 30977.

Jan. 5, 1931.

Rosen, Kammer, Wolff & Farrar, of New Orleans (Edwin C. Hollins, of New Orleans, of counsel), for applicant.

St. Clair Adams, of New Orleans, for respondent, Alpha.

ST. PAUL, J.

Plaintiff, an attorney at law, was employed by Emile J. Rose, a resident of Illinois, and

Robert L. Morris, a resident of Orleans parish, to vindicate their rights to certain minerals under lands in Plaquemines; the agreed fee being $5,000.

Whilst the suits were in progress, Rose and Morris compromised with the adverse parties, but did not pay plaintiff's fees.

Whereupon plaintiff brought suit in Plaquemines parish against said Rose for one-half the amount of the fee, and attacked his property in said parish. Plaintiff also made said Morris a party to said suit and prayed for judgment against him for the other one-half of said fee.

Whereupon said Morris excepted to the jurisdiction of the court of Plaquemines parish, on the ground that his domicile was in the parish of Orleans.

The trial judge overruled said exception, and relator applies to this court for relief.

We think, however, that the plea to the jurisdiction should have been maintained.

■ Since the adoption of Act No. 103 of 1870, Extra Session, it is no longer necessary to make all joint obligors party to a suit against any one of them, as it formerly was under article 2085, R. C. C. Section 2 of said Act No. 103 of 1870, Extra Sess., printed at page 19 of the Act of 1871, reads as follows:

"Hereafter, in all suits against joint obligors, it shall be unnecessary to make all the obligors parties to the suit, but each of the joint obligors may be sued and judgment obtained against them separately for the proportion of the debt or obligation due by them respectively, whether all are joined in the suit or not."

Therefore there is no reason whatever why Morris, the relator, who resides in the parish of Orleans, cannot and should not be sued at his own domicile, unless it be found that the law allows him to be sued elsewhere. Code Prac. art. 162.

But in this case we find no exception under which Morris may be sued elsewhere than at his domicile.

■ Although plaintiff alleges that he has a lien on the minerals beneath the land in Plaquemines parish, by virtue of his employment, nevertheless it is clear that he has no such privilege. Neither section 128, Rev. St. nor Act No. 124 of 1906 give an attorney a lien upon lands recovered or preserved by their efforts. Cf. Weil v. Levi, 40 La. Ann. 135, 3 So. 559. The remedy under the statute of 1906 is not a lien on the property of the client, but an assignment of an interest in the subject matter of the litigation; which was not done in this case.

■ The fact that Rose, the nonresident defendant, made a personal appearance in the court below, does not make any difference. Subdivision 6 of article 165, C. P., does not say that where a court has obtained jurisdiction of one joint obligor, it shall thereby have jurisdiction of the other; what it does say is that joint defendants may be cited at the domicile of either of them. But Plaquemines parish is not the domicle of either one of these joint obligors, and the only jurisdiction which it obtained against the other joint obligor (to wit, Rose), was by virtue of the attachment levied against him as a nonresident.

■ We cannot accept the theory advanced by the plaintiff that a suit for attorneys fees growing out of a case is a mere incident of and continuation of said case and should remain before the court where the original case was pending. This might, or might not, be a convenient method of disposing of the matter; but the fact is that it is not the same suit, is not between the same parties, and does not

involve the same subject-matter or grow out of the same cause of action.

### Decree.

It is therefore ordered that the writs herein issued be made absolute, and accordingly that plea of want of jurisdiction filed by the relator in the court below be sustained, and that said suit be dismissed as to him, the said Robert L. Morris.