148 So. 254

## HILLEBRANDT v. HOME INDEMNITY CO.

### No. 32306.

May 1, 1933.

Rosen, Kammer, Wolff & Farrar and Lemle, Moreno & Lemle, all of New Orleans, for Home Indemnity Co.

Pujo, Bell & Hardin and Lewis & Williamson, all of Lake Charles, for Lewis Hillebrandt.

ROGERS, Justice.

The plaintiff, Lewis Hillebrandt, was severely injured while in the employ of Thomas N. Carnahan, and, as a consequence thereof, brought suit in the Fourteenth district court for the parish of Calcasieu against his employer and his employer's surety, the Southern Surety Company of New York. Plaintiff recovered judgment in the suit against both defendants for $2,000 as compensation due him under the Workmen's Compensation Law (Act No. 20 of 1914 as amended).

Subsequent to the institution of the suit and before judgment was rendered, the South-

ern Surety Company of New York went into receivership, and J. M. Donahue, of New Orleans, was appointed its receiver in the state of Louisiana. Donahue was made a party to the suit, and it was provided in the judgment that it should not be executory as against him except in the due course of his administration as receiver.

Predicated on the judgment rendered in his favor against the receiver of the Southern Surety Company of New York, Lewis Hillebrandt, alleging unavailing amicable demand, brought this suit in the Fourteenth district court for the parish of Calcasieu against the Home Indemnity Company, the surety on the qualifying bond of the Southern Surety Company of New York. The Home Indemnity Company excepted to the jurisdiction ratione personæ of the district court. The exception was duly tried and overruled by the district judge, and the case is now before us under a writ of certiorari.

The facts developed on the trial of the exception show that some time prior to February 19, 1931, the Southern Surety Company of New York, in order to do business in the state of Louisiana, had deposited with the state treasurer acceptable securities to the value of $50,000. On February 19, 1931, however, the surety company availed itself of the privilege granted by Act No. 58 of 1921 (Ex. Sess.), as amended by Act No. 340 of 1926, and filed with the secretary of state a bond for $50,000, with the Home Indemnity Company as surety thereon.

The workmen's compensation policy held by Thomas N. Carnahan in the Southern Surety Company of New York was issued on July 30, 1930, covering the period from that date

to July 31, 1931. Lewis Hillebrandt, the employee of Carnahan, was injured on April 30, 1931, and the judgment for compensation was rendered in his favor on June 17, 1932, and signed on June 20, 1932.

The $50,000 of securities deposited by the Southern Surety Company of New York were not actually withdrawn from the custody of the state treasurer until after the occurrence of the accident in which Hillebrandt was injured. The securities were delivered by the state treasurer to Donahue, the local receiver of the Southern Surety Company of New York, under instructions issued to him on May 2, 1932, upon an order of the judge of the United States District Court for the Eastern District of Louisiana.

The Home Indemnity Company is a foreign corporation qualified to do business in this state, with Bryan-Bell Company, Inc., of New Orleans, expressly designated as its general agent.

■ Defendant contends that under the provisions of article 162 of the Code of Practice, requiring suits to be brought against a defendant in a court of his domicile, plaintiff's suit should be brought in the parish of Orleans, where Bryan-Bell Company, Inc., defendant's agent for the service of process, is domiciliated.

Plaintiff contends, on the other hand, that the Home Indemnity Company, the Southern Surety Company of New York, and Thomas N. Carnahan are solidarily liable to him, and, therefore, under the sixth paragraph of article 165 of the Code of Practice, is suable at the domicile of Carnahan, which is the parish of Calcasieu. Plaintiff also con-

tends that the district court of Calcasieu parish is vested with jurisdiction of the case under article 3042 of the Civil Code, providing that suits against certain sureties may be instituted in the court having original jurisdiction of the subject-matter.

Under the view we take of this case, it is not important to determine whether the defendant Home Indemnity Company is jointly or solidarily liable with Carnahan and the Southern Surety Company to the plaintiff. Conceding that such liability exists, the question nevertheless arises: Should not defendant be separately sued at his own domicile rather than at the domicile of one of his co-obligors? As we conclude he should be, no other duty rests upon us than to set forth the reasons for our conclusion and to dismiss plaintiff's suit.

Article 162 of the Code of Practice announces the general rule that, subject to the exceptions expressly provided by law, a person must be sued at his own domicile.

The exceptions to the general rule are set forth in article 165 of the Code of Practice and other statutes expressly providing for the bringing of suits in particular cases elsewhere than at the domicile of the defendant.

The sixth paragraph of article 165 of the Code of Practice reads as follows, viz.: "When the defendants are joint or solidary obligors, they may be cited at the domicile of any one of them."

Prior to the adoption of the Code of Practice of 1870, the only exception recognized by the courts was that joint obligors might be sued at the domicile of any one of them. This was because article 2080 of the Civil Code of 1825 required that all joint obligors should be made defendants in a suit against any one of them. And, therefore, it was held that a person who signed a joint obligation must be held to have thereby waived the right to be sued at his domicile as to that particular obligation. Toby & Co. v. Hart, 8 La. 523; Jelks v. Smith, 5 La. Ann. 674.

The exception thus established by the jurisprudence was incorporated into the Code of Practice of 1870. It was not until 1914 that the Legislature, by Act No. 71 of that year, added the words "or solidary" to the codal provision, so that the sixth exception to the general rule as set forth in the codal article was made to read as we have hereinabove quoted it. See King v. Wm. J. Burns International Detective Agency, 151 La. 211, 91 So. 681.

▬ Act No. 103 of 1870 (Ex. Sess.) § 2, printed in Acts of 1871, p. 18, provides that it shall be unnecessary to make all joint obligors parties to the suit, but that each may be sued and judgment obtained separately for their respective proportions of the joint debt or obligation. This statute has removed the necessity arising under article 2085 (formerly article 2080) of the Civil Code of making joint obligors parties to a suit against one of them.

And solidary obligors may also be sued severally as well as jointly at the will of the obligee. Civ. Code, arts. 2091, 2094 and 2095; Breedlove v. Nicolet, 7 Pet. (32 U. S.) 413, 8 L. Ed. 731.

▬ But while joint or solidary obligors may be sued and judgment obtained against them separately, we know of no law which authorizes the institution of a separate suit against one of such obligors at the domicile of any

of his co-obligors. Certainly, the sixth paragraph of article 165 of the Code of Practice contains no such authorization. What the codal article does provide is that joint or solidary defendants may be sued at the domicile of any one of them. That is to say, the codal provision cannot be invoked against a joint or solidary obligor until his co-obligors are also brought into court. In the enforcement of the article all the obligors must necessarily be made parties to the suit. Cf. Alpha. v. Rose, 171 La. 753, 132 So. 222.

If construed otherwise, the exception as to suit at defendant's domicile contained in article 165 of the Code of Practice would sanction such palpable injustice as to render it absurd. In such a case, it would be wholly possible for an exacting creditor, desirous of unduly harassing his joint or solidary debtors, to subject each of them to the expense and inconvenience of a separate suit brought at the domicile of any one of the other co-debtors.

Our conclusion is, therefore, plaintiff's primary contention, that his suit falls within the provision of article 165 of the Code of Practice that joint or solidary obligors may be sued at the domicile of any one of them, is unfounded.

■ Our conclusion is, likewise, that plaintiff's secondary contention, that his suit is governed by article 3042 of the Civil Code, is also unfounded.

The codal article (3042) relied on by plaintiff refers to judicial sureties and to sureties of parties charged with fiduciary trusts. In such cases, according to the provisions of the article, "Where surety is tendered of persons residing out of the parish, the judge alone shall pass on the sufficiency thereof, and shall require such proof as he may deem necessary. All actions on bonds against the sureties aforesaid may be instituted in the court having original jurisdiction of the subject matter; and the parties thereto, when legally cited, shall be subject to the jurisdiction of such court."

It is plain that the jurisdiction thus conferred on the court relates to bonds required by law in matters already within the cognizance of such court. Neither the bond furnished plaintiff's employer, Thomas N. Carnahan, by the Southern Surety Company of New York, nor the bond given by the Home Indemnity Company on behalf of the Southern Surety Company of New York, is a bond required by law in any proceeding already within the cognizance of the district court for the parish of Calcasieu.

Article 3064 of the Civil Code is not an answer, as contended by plaintiff, to the argument that article 3042 of the Civil Code refers only to judicial sureties and sureties of persons charged with fiduciary trusts. Article 3064 merely provides that: "Whenever a person is bound by law, or by a judgment, to give a surety, he must present one who has the qualifications required in article 3042."

The only qualification required by article 3042 with regard to a surety company is that the company be authorized to do business in the state. And the bond herein sued on was not furnished under article 3042 of the Civil Code, but under the provisions of Act No. 58 of 1921 (Ex. Sess.), as amended by Act No. 340 of 1926.

For the reasons assigned, the ruling of the court below under review herein is annulled, and it is now ordered that defendant's exception to the jurisdiction ratione personæ of the district court be maintained; and, accordingly, that plaintiff's suit be dismissed, at his costs.