## PICARD v. HOME INDEMNITY CO.

### No. 2383.

District Court, W. D. Louisiana, Shreveport Division.

Aug. 11, 1933.

Blanchard, Goldstein, Walker & O'Quin, of Shreveport, La., and Monroe & Lemann, of New Orleans, La., for plaintiff.

Hardin & Coleman, of Shreveport, La., for defendant.

DAWKINS, District Judge.

This suit was brought in the state court against the defendant as the surety upon the qualifying bond of the Southern Surety Company of New York to do business in this state. It alleged that a judgment had been obtained in the state court for Caddo parish against the latter company upon a policy of insurance entered into here, but on execution a return nulla bona had been made for the reason that the Southern Surety Company had been placed in the hands of a receiver in a federal court in New York. The case having been removed to this court because of diverse citizenship, defendant Home Indemnity Company has excepted to the jurisdic-

tion on the ground that it can be sued only in the Eastern District of Louisiana, where resides the agent appointed by it for service of process under the laws of this state.

The Supreme Court of the state, on the 1st day of May, 1933, in the case of Hillebrandt v. Home Indemnity Co., 177 La. 349, 148 So. 254, construing the provisions of the Code of Practice and Civil Code, sustained an identical plea. However, plaintiff contends that, in doing so, there was not called to its attention and it overlooked Act No. 41 of 1894, which makes a surety, such as this one, suable in the same jurisdiction as its principal. On the other hand, counsel for defendant say this statute has no application. So much of the title and body of the act as are pertinent is quoted as follows:

"An Act To authorize *certain corporations* to become surety upon bonds required to be furnished by law, and prescribing the conditions under which they may do so.

"Section 1. Be it enacted, * * * That hereafter any corporation duly incorporated under the laws of this or any other State of the United States for the purpose of transacting the business of guaranteeing the fidelity of persons holding places of public or private trust; guaranteeing the performance of contracts *other than insurance policies,* and executing and guaranteeing bonds or undertakings required or permitted in actions or proceedings by law allowed * * * *and which has complied with and is qualified under the provisions of this act* * * * may be accepted as sole and sufficient surety upon any bond, undertaking or obligation, required, or permitted to be made, given, tendered or filed with surety or sureties, by any law of this State * * * in lieu of any surety or sureties now required by law; and such execution by such company of such bond, undertaking or obligation shall in all respects be a full and complete compliance with all the requirements of such laws. * * * And any such company shall be subject to all the liabilities and have all the rights of sureties under the provisions of law relating thereto, it being the true intent and meaning of this act to enable corporations *created for the above purposes* to become and be accepted as sole surety on all bonds, undertakings or obligations *required or permitted by law.* * * *

"Sec. 4. * * * And if such company is incorporated under the laws of any other State than this State, it shall besides, file a power of attorney appointing some resident of this State upon whom service of process can be made as required by existing laws. * * *

"Sec. 8. * * * No company having signed such bond or bonds shall be permitted to deny its corporate power to execute said instrument, or incur such liability in any proceeding to enforce liability against it thereunder and such company shall be sueable in the same jurisdiction as the principal obligee (obligor) on such bond, and citation shall be served on it, or its attorney for service of process, as is by law in such cases provided." (Italics by the writer.)

It is apparent from section 1 that corporations "incorporated * * * for the purpose of * * * guaranteeing the performance of contracts *other than insurance policies* * * * may be accepted as sole and sufficient surety upon any bond. * * *"

Evidently, the defendant, among other classes of indemnity, was authorized to become surety on bonds "guaranteeing performance of contracts * * * of insurance"; otherwise, it would not have been accepted by the Secretary of State in this instance. Had its business been solely that of guaranteeing the performance of insurance contracts, it would not have been entitled to apply to do business under this statute, as such companies, by the exception "other than insurance," are excluded from its benefits. Can it be said that because section 8 of the act prohibits a corporation qualified to do business under the act from denying "its corporate power to execute said instrument, or incur such liability in any proceeding to enforce liability against it thereunder and such company shall be sueable in the same jurisdiction as the principal obligee (obligor) on such bond, * * *" one having done such excluded business cannot be heard to assert that it did not fall under the statute? I think not. Section 8, in denying the right to raise these questions and permitting the surety to be sued in the same jurisdiction as the principal in the bond, undoubtedly referred to such corporations and kinds of sureties only as were permitted under its provisions, and this did not include corporations guaranteeing the performance of insurance contracts. For this reason, I do not think the present action can be governed by section 8 of the act, and other provisions of law interpreted by the state Supreme Court in the Hillebrandt Case, supra, apply. This court

is bound by that decision construing state statutes.

The plea to the jurisdiction must, therefore, be sustained. Proper decree should be presented.