LAND, Justice.
 

 (1) The plaintiff, Pittman Brothers Construction Company, is an ordinary partnership, domiciled and doing business in the City of New Orleans, Parish of Orleans, State of Louisiana.
 

 Plaintiff, as contractor, entered into a written contract with the Sewerage Board, First Sewerage District, City of Lake Charles, Calcasieu Parish, State of Louisiana, to perform certain labor and furnish certain materials for the erection, construction and completion of a sewerage treatment plant in the City of Lake Charles, Louisiana, as per plans and specifications prepared by J. M. Fourmy, civil engineer of Hammond, Louisiana.
 

 On March 18, 1938, plaintiff, as contractor, entered into a written subcontract with A. T. Brown of the City of Port Arthur, State of Texas, doing business in that city and state under the style and name of Brown Brothers Electric Company, to furnish all material and labor necessary for the installation of all electric wiring included in the contract between the contractor and the Sewerage Board of the City of Lake Charles, as owner, as specified or shown on the plans, including all of the work covered by section 6 of the specifications. The subcontractor assumed toward the contractor, in connection with the work covered by the subcontract, all of the obligations and responsibilities which the contractor had assumed toward the owner or anyone else.
 

 The subcontractor also agreed to turn the work over to the contractor in good condition and free and clear from all claims, encumbrances and liens for labor or material and to protect and save harmless the contractor and owner from all claims, encumbrances and liens growing out of the performance of the subcontract and, in event of the failure of the subcontractor, during the progress of the work or any time thereafter, to pay for alb materials and labor used in the prosecution of the work, the contractor may, at his option and without notice to the subcontractor prior thereto, pay all such claims for labor and materials and charge the amounts tp the subcontractor. Art. XII of the Subcontract, Tr., p. 17.
 

 It is further agreed in Article XII of the Subcontract that, in case suit to establish a lien or to enforce a claim is brought by any person, firm or corporation claiming to have furnished labor or materials required under the subcontract, the subcontractor will, at his own cost and expense, including counsel fees, defend such suit and pay any such lien established in court.
 

 American Indemnity Company of Galveston, Texas, surety for the subcontractor, principal, executed a bond in this case, in which defendant company bound itself unto Pittman Brothers Construction Company, contractor, of the City of New Orleans, for the faithful performance of the subcontract entered into by its principal,
 
 *442
 
 including the prompt paymént of all persons furnishing labor or materials used in the prosecution of the work.
 

 Pittman Brothers Construction Company of the City of New Orleans, contractor, has brought the present suit against The American Indemnity Company, surety on the bond of the subcontractor, in the Fourteenth Judicial District Court for the Parish of Calcasieu, to recover the amount of certain liens for materials, filed upon the completion of the subcontract, and prior to the acceptance of the sewerage treatment plant by the owner, and paid by Pittman Brothers Construction Company, contractor, so that the plant could be delivered to the owner free of liens, as required by the stipulations of the subcontract.
 

 Plaintiff claims as due the sum of $2,-342.72, with 10 per cent attorney’s fees ($234.27), sued for under Act No. 225 of 1918.
 

 Defendant surety company filed an exception to the jurisdiction of the District Court for the Parish of Calcasieu ratione personae.
 

 From a judgment maintaining this exception, plaintiff has appealed.
 

 At page 27 of the transcript is found a certificate of the Secretary of State declaring that defendant, American Indemnity Company, a corporation organized under the laws of the State of Texas and represented in the State of Louisiana by the Secretary of State, duly appointed as agent for the service of process, has .complied with the laws of the State of Louisiana relating to surety companies, and especially with the provisions of Act 19 of 1934, and is authorized to transact its appropriate business of surety, in accordance with the laws of the State, for and during the whole of the year, 1939, and thereafter until March 31, 1940, unless its authority be sooner revoked.
 

 In the case of Noyola v. Norske Lloyd Ins. Co., Ltd., 163 La. 82, at page 84, 111 So. 607, it is said by the court: “All foreign insurance companies doing business in the state are required to appoint the secretary of state as their agent for service of process. Act 105 of 1898, art. 2, § 1, p. 142. The Norske Lloyd Insurance Company, Limited, complied with the provisions of the statute. Therefore said corporation acquired a qualified residence within the state for the purpose of its business, and became domesticated, at least, for all purposes of jurisdiction and legal procedure. The place of its residence, in so far as the service of legal process is concerned, is necessarily the office of the secretary of state at Baton Rouge.”
 

 The compliance with the provisions of Act No. 19 of 1934 by defendant, The American Indemnity Company, a foreign corporation, has likewise domesticated that, corporation for the purposes of jurisdiction and legal process in this case, and the place of its residence, in so far as the service of legal process is concerned, is necessarily the office of the Secretary of State at Baton Rouge, Louisiana.
 

 Defendant company has no general or special agent residing within Calcasieu Parish, in which the present suit is brought.
 

 
 *444
 
 Nor is the situation changed, as to the matter of jurisdiction in the case, by the fact that defendant surety company and its principal, the subcontractor on its bond, are joint or solidary obligors of plaintiff, the contractor.
 

 The subcontractor is a non-resident, residing in the City of Port Arthur, State of Texas.
 

 The present suit is not a proceeding in rém, nor is it the corfcursus proceeding authorized under Act No. 224 of 1918; but, on the- contrary, it is a separate action against defendant -surety company to obtain a personal judgment.
 

 Defendant surety company contends that, under the provisions of Article 162 of the Code of Practice, requiring suits to be brought against a defendant in a court of his domicile, plaintiff’s suit should be brought at the domicile of defendant surety company in the Parish of East Baton Rouge, and process should be served upon its registered agent there, the Secretary of State, and not in the Parish of Calcasieu, .where the subcontract was to be performed.
 

 , The contention of defendant surety company- is- fully-sustained by Hillebrandt v. Home Indemnity Co., 177 La. 349, 148 So. 254. In the cited- case it is said by the court, 177 La. at pages 354 and 355, 148 So. at pages 255 and 256:. “But while, joint or solidary obligors may be sued and judgment obtained against them separately, we know of no law which' authorizes the institution of a separate'suit against'one of such obligors at the domicile of- any of his co-obligdrs. Certainly, the sixth paragraph of article 165 of the Code of Practice contains no such authorization. What the codal article does provide is that joint or solidary defendants may be sued at the domicile of any one of them. That is to say, the codal provision cannot be invoked against a joint or solidary obligor until his co-obligors are also brought into court. In the enforcement of the article áll the obligors must necessarily be made parties to the suit. Cf. Alpha v. Rose, 171 La. 753, 132 So. 222.”
 

 The co-obligor in solido, the subcontractor, has not been made a party to the-present suit. The plea to the jurisdiction of the District Court for the Parish of Calcasieu was therefore properly maintained.
 

 (2)' We have reviewed, first, in this opinion the alternative contention of able counsel' for defendant surety company that, if the court should hold that the cause-of action, did not arise out of this jurisdiction, defendant can only be sued at the domicile of its registered agent, which is-the parish of East Baton Rouge.
 

 The primary contention of counsel for defendant surety company is that the cause of action herein sued upon did not arise within this State and, consequently, defendant cannot be sued, although qualified-to do business in this State, anywhere other than at its domicile in the State of Texas.
 

 The fallacy of this argument is found in the undisputed' fact that the subcontract was not to -:be - enforced in the State of Texas at all but in the City of Lake Charles-State of Louisiana.
 

 
 *446
 
 The subcontractor agreed to furnish all material ánd labor necessary for the installation of all electric wiring included in the principal contract between the contractor and the Sewerage Board, the owner, of the City of Lake Charles, State of Louisiana. As the principal contract was made within this State, and was to be enforced here, it is difficult to understand how it can be reasonably contended that the subcontract, which was intended to carry out the principal contract, in a material part, was not also intended to be enforced likewise in the City of Lake Charles, within this State.
 

 The cause of action asserted by plaintiff, the contractor, against the surety of the subcontractor arose only after the completion of the subcontract in the City of Lake Charles, Louisiana, through the default of the' subcontractor in not turning over to the contractor and the owner, in the City of ■ Lake Charles, the sewerage treatment plant, constructed in that city, free from all liens and encumbrances."
 

 Manifestly; the default of the subcontractor did not take place in the State of Texas but within the limits of the State of Louisiana. As this default is the basis of the suit brought by plaintiff, the contractor, against the surety of the subcontractor, necessarily, the cause of action sued upon arose within the limits of the State of Louisiana.
 

 Judgment affirmed. •
 

 ODOM, J., takes' no part.