For the reasons assigned, the judgment appealed from is affirmed.

20 So.2d 305

**STATE et al. v. YOUNGER et al.**

**In re LECHE.**

No. 37572.

Nov. 6, 1944.

Rehearing Denied Dec. 11, 1944.

Charles J. Rivet, of New Orleans, for applicant.

Fred S. LeBlanc, Atty. Gen., W. C. Perrault, 2nd Asst. Atty. Gen., and James I. Smith, Arthur B. Hammond, and Joseph A. Loret, all of Baton Rouge, for plaintiffs, respondents.

ROGERS, Justice.

The State of Louisiana and the Louisiana Highway Commission (now Department of Highways) brought suit in the Ninth Judicial District Court for the Parish of Rapides against six defendants, three of whom were alleged to be nonresidents of the Parish. Plaintiffs alleged that the defendants had entered into a scheme to defraud and had defrauded the State out of a large sum of money for which they were liable in solido. Richard W. Leche, one of the defendants, filed, among other exceptions, an exception to the jurisdiction of the Court on the ground that he was a resident of the Parish of St. Tammany, as alleged in plaintiffs' petition. The exception was overruled and upon the petition of the exceptor, certiorari has brought the record to this court.

In his reasons for judgment overruling relator's exception, the trial judge states that: "All of the defendants with the exception of Leche, have been eliminated from the suit, as a result of compromises which appear in the record, with full reservation, in the several acts of compro-

mise, of all rights against Leche." The brief filed on behalf of the plaintiffs also sets forth that: "Since the filing of the suit each of the defendants except Leche has paid something on the plaintiffs' claim, and the suit has been dismissed as to each of the defendants except Leche. However, the plaintiffs' claim has not been paid in full, there still remains considerable owing on it, and the plaintiffs' rights against Leche have all been reserved." These statements and admissions of the judge and of plaintiffs' counsel are confirmed by the pleadings and documents contained in the record.

Plaintiffs, in their brief, contend that Leche waived his exception to the jurisdiction of the court by filing with it other exceptions, and that, consequently, the exception to the jurisdiction was properly overruled. Plaintiffs' contention is not tenable. The other exceptions filed by relator were an exception of misjoinder of parties plaintiff, and an exception of want of capacity of plaintiffs and of their representatives to prosecute the suit and stand in judgment. An examination of the record discloses that relator filed those exceptions only in the alternative, with full reservation of and without waiving his exception to the jurisdiction of the court, and solely for the purpose of complying with the requirements of Act No. 124 of 1936.

An exception to the jurisdiction of the court is a declinatory exception and is one of the two principal species of exceptions designated as dilatory exceptions. Code of Practice, Article 331; Mann v. Mann, 170 La. 958, 129 So. 543. So are the other exceptions filed by relator as they do not seek to defeat plaintiffs' action but only to retard its progress. Code of Practice, Articles 332, 334 and 335. All the exceptions being dilatory in their nature, relator was required to plead them at the same time under the provisions of Act No. 124 of 1936 amending and re-enacting Article 333 of the Code of Practice.

It is inconceivable that relator should be held as waiving his exception to the jurisdiction of the court when he filed the other exceptions with full reservation of his rights and without submitting to the jurisdiction of the court, thus doing no more than he was required to do under the law. Although, admittedly, his domicile is in the Parish of St. Tammany, Leche was sued in the Parish of Rapides on the theory that he was liable jointly and in solido with the other defendants, thus bringing him within the exception permitting suit to be brought against a defendant in a parish other than his domicile as provided by the sixth paragraph of Article 165 of the Code of Practice.

It is difficult to determine the nature of plaintiffs' suit. On the one hand plaintiffs contend that the action is one ex delicto for the recovery of the damages suffered by them by reason of the wrongful act of relator and his co-defendants. On the other hand, plaintiffs contend that the action is one ex quasi contractu for the return of money unduly received by relator, and his co-defendants. Plaintiffs insist that the allegations and prayer of their petition set forth the facts necessary to support both actions.

Relator contends that plaintiffs' action is not ex delicto but is ex quasi contractu. The trial judge, in his reasons for judgment, apparently concedes that relator's contention is correct, because, after quoting certain allegations appearing in the petition, he says that "no language can make clearer than this that it was the intention of the plaintiff (plaintiffs) to bottom its (their) demand squarely on the provisions of the Code (Articles 2301, 2311, 2312), giving it (them) the right to demand the restoration of the precise thing, which was cash (not property) with interest, which had been allegedly taken by fraud."

■ Plaintiffs, in their brief, refuse to accept as correct the contention of relator and the conclusion of the judge relative to the nature of their action and they persist in their theory that the action is one ex delicto for the recovery of damages suffered by them, cumulated with an action ex quasi contractu for the recovery of the amount sued for. But in Morgan's Louisiana & T. R. & S. S. Co., v. Stewart, 119 La. 392, 44 So. 138, this court expressly held that where a plaintiff's money is unduly taken from him he has a choice of two remedies—one ex delicto in damages and one under the law authorizing him to recover the money itself. The choice of remedies is his and if he elects to sue for the exact amount taken as upon an implied contract instead of resorting to an action ex delicto for the recovery of the damages suffered, he waives his action on the tort in favor of his other remedy.

For the purpose of determining the issue now before us, it is not important to ascertain whether plaintiffs' suit is ex delicto or ex quasi contractu or whether it represents the cumulation of both those actions. We express no opinion on that question.

Plaintiffs' suit was originally brought against six defendants, three residing in the Parish of Rapides and three residing in other parishes. The jurisdiction of the district court for Rapides Parish was invoked by plaintiffs on their theory, as shown by the allegations of the petition and prayer, that the defendants were solidary obligors and as such were subject to a joint suit at the domicile of any of the defendants under the exception created by the sixth paragraph of Article 165 of the Code of Practice.

Plaintiffs' suit now stands dismissed as to all defendants except relator, who, admittedly, is a resident of the Parish of St. Tammany. Relator raises no question as to whether plaintiffs could release their claims against all the other defendants and save their rights, if any, against him. The only question he presents for our decision is one involving the jurisdiction of the district court—of the power of the judge of that court to proceed, over objection, to render judgment on the issues of the case when he, a nonresident, is the sole defendant.

■■ The general rule in civil matters is that judges of the district courts have no jurisdiction of actions brought against persons residing out of the limit of their

respective jurisdictions, except in cases expressly provided by law. Code of Practice, Articles 89, 129, 162. All exceptions to this rule are in derogation of common right and must be strictly construed. Tripani v. Mereaux, 184 La. 66, 165 So. 453; Rhodes v. Chrysanthou, 191 La. 774, 186 So. 333.

Article 165 of the Code of Practice in its entirety embraces exceptions to the general rule. In considering the exceptions established by Article 165 in connection with the general rule announced by Article 162 of the Code of Practice, this Court in Tripani v. Mereaux [184 La. 66, 165 So. 457] held that the provisions of Article 165 "must be construed strictly and as applicable only to cases which come plainly within those provisions."

■ Since plaintiffs' suit has been dismissed as to all parties defendant except Leche, who is a resident of the Parish of St. Tammany, there is no reason to apply to this suit the exception contained in Article 165 of the Code of Practice, regardless of whether Leche is liable to plaintiffs in any respect. The fact that plaintiffs have not dismissed their suit against Leche and that it is still pending in the district court of Rapides Parish furnishes no ground for compelling him to defend the suit in that court which has no jurisdiction in personam over him as a resident of the parish.

We do not think it can be successfully contended that if, for any other reason than that they had compromised their claims against them, plaintiffs had dis-

missed their action as to all the defendants except Leche, they could be permitted to prosecute their suit against Leche alone in the district court of the Parish of Rapides; or that if they had compromised and settled their claims against the parties impleaded with Leche prior to the institution of their suit, they could have brought and maintained their action against Leche in any other district court than the district court of his domicile, which is the Parish of St. Tammany.

This Court has held that the exception provided in the sixth paragraph of Article 165 of the Code of Practice can not be invoked against a joint or solidary obligor unless and until all the obligors are made parties to the suit. Alpha v. Rose, 171 La. 753, 132 So. 222; Hillebrandt v. Home Indemnity Co., 177 La. 349, 148 So. 254; Pittman Bros. Const. Co. v. American Indemnity Co., 194 La. 437, 193 So. 699.

In De Bouchel v. Koss Const. Co., Inc., 180 La. 615, 157 So. 270, 272, jurisdiction was denied to the Civil District Court for the Parish of Orleans over defendants residing in the Parish of St. Bernard when the claim against the resident defendant ceased to be a valid and subsisting claim because his plea of prescription interposed to the claim was maintained. In discussing the legal effect of the judgment maintaining the plea of prescription, this Court said "when the plea of prescription filed by the Koss Construction Company, Inc., was sustained, that company entirely disappeared from the suit. Thereafter, there was no basis upon which to hold the relators to

answer plaintiff's demand within the jurisdiction of the construction company, which was no longer a defendant."

In Gordon v. Bates-Crumley Chevrolet Co. et al., 182 La. 795, 162 So. 624, an exception to the jurisdiction of the district court rationae personae was overruled and on the trial of the merits a jury rendered a verdict against the two defendants in solido. The Court of Appeal reversed the judgment against the resident defendant and sustained the exception to the jurisdiction as to the nonresident defendant. Writs were asked for and granted by this Court which found, after considering the question, that the Court of Appeal had not erred in maintaining the plea to the jurisdiction since the evidence failed to show that the resident defendant was solidarily liable with the nonresident defendant.

The Court of Appeal for the First Circuit in Tate v. Dupuis, La.App., 195 So. 810, citing De Bouchel v. Koss Construction Co., held that where three defendants are sued in solido and an exception of no cause of action has been sustained as to two of the defendants, an exception to the jurisdiction rationae personae by the third defendant will be sustained where the suit is in a parish other than that of his domicile.

■ The line of jurisprudence which is reflected in the above mentioned decisions establishes the rule that the district court can not exercise jurisdiction in personam against a nonresident alone where the sole basis upon which such jurisdiction must

rest ceases to exist; that the district court can not exercise its jurisdiction in personam over the nonresident where there is no resident defendant against whom a judgment may be rendered.

After the plaintiffs' suit was dismissed against the residents of the Parish of Rapides, there remained no basis upon which to hold Leche to answer plaintiffs' demand within the jurisdiction to which those defendants were amenable. It is not possible for the judge of the district court of the Parish of Rapides to render judgment against any resident of that Parish as the suit has been dismissed as to all of those defendants. Leche, the remaining defendant, as a resident of the Parish of St. Tammany, can not be compelled to defend the suit prosecuted only against him in the Parish of Rapides.

■ It is urged in plaintiffs' brief that this Court should not consider the question of whether the district court for the Parish of Rapides has lost jurisdiction over Leche because plaintiffs' suit has been dismissed as to his co-defendants as that question was not raised or considered by the lower court. No satisfactory result could be obtained by maintaining plaintiffs' objection, since the ruling of the trial judge on the exception would be subject to review on an appeal by Leche from the judgment on the merits, if the judgment was rendered against him. At the time the trial judge overruled relator's exception to the jurisdiction of the court, the suit as against relator's co-defendant had been settled and dismissed. That is affirmatively shown in the written reasons assigned

by the trial judge for his ruling on the exception. It is also shown in the original record which has been brought up to this Court. Moreover, plaintiffs in their brief admit that the suit has been dismissed as to each of the defendants except Leche. The trial judge overruled relator's exception with full knowledge of the fact that all the defendants, except relator, had been eliminated from the suit, thereby indicating he did not consider that by reason thereof he had lost jurisdiction of the case. In view of these circumstances, we see no reason why we should not finally dispose of the question now presented for our decision.

For the reasons assigned the rule nisi herein issued is made absolute, the judgment herein under review is annulled, relator's plea to the jurisdiction of the court rationae personae is sustained, and plaintiffs' suit against relator is dismissed.