GLADNEY, Judge.
Plaintiff appeals from a judgment sustaining: (1) exceptions to the jurisdiction of the district court of Red River Parish, filed by F. A. Carlisle, Mrs. Ronda Carlisle Jolly, Grady Carlisle and O. D. Carlisle, and (2) a plea of prescription filed on behalf of Mrs. Irma Carlisle Jolly. The aforementioned parties were made defendants in a suit by Mrs. Mary Legrand Babers to recover $1,523, for nursing services allegedly rendered A. F. Carlisle who died December 13, 1951, in Red River Parish where he was domiciled. Thereafter, on January 23, 1952, his five children named above were by judgment recognized as his sole and only heirs and as such were unconditionally placed in possession of certain realty situated in Red River Parish. The record shows that when plaintiff filed her suit, and at all times thereafter, none of the heirs were residents of, or domiciled in, the parish wherein the suit was instituted.
The suit was filed on August 19, 1952. Personal service thereof was sought on Mrs. Irma Carlisle Jolly, alleged to be a resident of Monohan, Louisiana, Grady Carlisle, a resident of Baton Rouge, Louisiana, and O. D. Carlisle, a resident of Homer, Louisiana. Jurisdiction over Mrs. Ronda Carlisle Jolly and F. A. Carlisle, who were alleged to be residents of Texas, was sought by means of attachment of their respective interests in certain real estate in Red River Parish, which was particularly described in the petition.
On October 9, 1952, Grady Carlisle and O. D. Carlisle filed an exception to the court’s jurisdiction ratione personae, asserting they were not residents of the Parish of Red River but lived elsewhere in the State of Louisiana. Mrs. Ronda Carlisle Jolly and F. A. Carlisle who were represented by a curator ad hoc, filed on October 24, 1952, a plea to the jurisdiction ratione personae et materia for the following stated reasons, to-wit:
“1. That the named defendants are non-residents of the State of Louisiana, and to confer jurisdiction on this Court in this cause their property within the territorial limits of this Court must be validly seized and levied upon.
“2. That their respective properties were not validly seized or attached in this cause, for the reason that, prior to seizure of the properties, certified *83 copies of the writ of attachment obtained by plaintiff against the two named non-resident defendants, and the citations addressed to them, were not posted by being affixed to the door of the room in which this Court is heard, as made and provided by law, particularly Article 254 of the Code of Practice of the State of Louisiana.”
Plaintiff, on October 13, 1952, filed a supplemental and amended petition, and therein alleged Mrs. Irma Carlisle Jolly was in truth not a resident of Louisiana, but of Monahans, Texas. The prayer of said petition asked for an order of the court permitting it to be filed, the appointment of an attorney at law to represent the absentee, and that upon compliance with legal formalities therein referred to, the interest of said defendant in the property described in the original petition be seized under a writ of attachment. The attorney appointed to represent this defendant, by exception filed on October 24, 1952, excepted to the jurisdiction of the court ratione personae et ma-teria, asserting that exceptor’s property had not been validly seized for several enumerated reasons. On October 22, 1953, plaintiff filed another supplemental and amended petition, so denominated, designed to invest the court with jurisdiction over Mrs. Irma Carlisle Jolly by the initiation of new processes for the attachment of her property. In this latter petition it was admitted the Clerk of Court and Sheriff had failed to issue a writ of attachment or take any further proceedings therein. This new pleading was met by a plea of prescription of one year as prescribed by LSA-Civil Code, article 3534.
The court properly sustained the pleas to the jurisdiction ratione personae filed by Grady Carlisle and O. D. Carlisle. The general rule as stated by Article 162 of the Code of Practice is that in civil matters one must be sued before the judge having jurisdiction over the place where lie has his domicile or residence. But it is argued the instant case is governed by Article 165, subd. 6, which recognizes an exception to the general rule of domicile in declaring that when the defendants are joint or sol-idary obligors a defendant may be cited in a suit brought at the domicile of any one of them.[1] Not one of the five defendants herein involved is alleged to be a resident of or domiciled within the Parish of Red River. The application of Article 165, subd. 6, is illustrated in Alpha v. Rose, 1931, 171 La. 753, 132 So. 222, 223. The plaintiff therein instituted a suit in the Parish of Plaque-mines for the purpose of collecting a personal judgment against Emile J. Rose, a resident of Illinois, and Robert L. Morris, Jr., a resident of Orleans Parish, and attached the property of Rose in Plaquemines Parish, but at the same time also attempted to make Morris a party defendant. The latter excepted to the jurisdiction of the court of Plaquemines Parish on the ground his domicile was in the Parish of Orleans. The court in sustaining the exception, pointed out:
“The fact that Rose, the nonresident defendant, made a personal appearance in the court below, does not make any difference. Subdivision 6 of article 165, C.P., does not say that where a court has obtained jurisdiction of one joint obligor, it shall thereby have jurisdiction of the other; what it does say is that joint defendants may be cited at the domicile of either of them. But Plaquemines parish is not the domicile of either one of these joint obligors, and the only jurisdiction which it obtained against the other joint obligor (to wit, Rose), was by virtue of the attachment levied against him as a nonresident.”
Likewise, in point is State v. Younger, 1944, 206 La. 1037, 20 So,2d 305. Therein suit was instituted against six defendants, *84 one of whom was Richard W. Leche, a resident of the Parish of St. Tammany. After the suit was dismissed as to his other co-defendants, Leche excepted to the jurisdiction of the court ratione personae. As herein, it was there contended the exception to the general rule of venue contained in Article 165, Subdivision 6, was sufficient to maintain the court’s jurisdiction. The Supreme Court, however, after observing the provisions of Article 165, subd. 6, must be construed strictly and held to apply only to cases that come within those provisions, sustained the exception of jurisdiction on the authority of Alpha v. Rose, supra; Hillebrandt v. Home Indemnity Company, 1933, 177 La. 349, 148 So. 254; and Pittman Bros. Construction Co. v. American Indemnity Company, 1940, 194 La. 437, 193 So. 699. After discussing the rulings in each of the above cases, the court said [206 La. 1037, 20 So.2d 308] :
“The line of jurisprudence which reflected in the above mentioned decisions establishes the rule that the district court can not exercise jurisdiction in personam against a nonresident alone where the sole basis upon which such jurisdiction must rest ceases to exist; that the district court can not exercise its jurisdiction in personam over the nonresident where there is no resident defendant against whom a judgment may be rendered.”
The foregoing authorities are convincing the exceptions to the jurisdiction ratione personae filed in behalf of Grady and O. D. Carlisle were correctly sustained by the trial judge.
The plea to the jurisdiction ra-tione materia is predicated on the failure of plaintiff to comply with Article 254 of the Code of Practice. It was admitted in open court by her counsel that as to Mrs. Ronda Carlisle Jolly and F. A. Carlisle, a citation and writ of attachment were not posted on the door of the court room prior to the seizure and until after the exceptions to the jurisdiction were filed. We think the trial court acted properly in recognizing the exceptions to be good. It is well decisioned in our jurisprudence that the issuance of a writ of attachment against a nonresident of the State forms the basis of the jurisdiction by the court. Code of Practice, Article 240.2; Elder & Davis v. Ludeling, 1898, 50 La.Ann. 1077, 23 So. 929; Pugh v. Flannery, 1922, 151 La. 1063, 92 So. 699. In such a case, in addition to a service made upon the defendant through the curator ad hoc appointed by the court, there must also be a compliance with the provisions of Code of Practice, Article 254, requiring constructive service upon the defendant by a posting by the Sheriff of the citation and notice of seizure on the court’s bulletin board. Furthermore, the action so taken must be accompanied by a seizure of corporeal property of the nonresident situated within the jurisdiction of the court, and when the property is seized it must result in a physical taking into possession of the property sought to be subjected to the attachment. Code of Practice Arts. 240.2, 243, 245, 254, 255 and 256.
Plaintiff, on November 3, 1954, filed a supplemental and amended petition directed at securing jurisdiction over Mrs. Ronda Car-lisle Jolly, F. A. Carlisle and O. D. Carlisle and in doing so virtually filed a new suit. On this occasion plaintiff appears to have met the requirements of Article 254 and related articles of the Code of Practice for a valid attachment of the property of these nonresidents. In this petition plaintiff abandoned as having been ineffective her previous efforts to secure jurisdiction over these defendants.
In order to accomplish a valid seizure of a nonresident’s property where proceedings under the original writ are invalid, the remedy is to apply for an alias writ of attachment which could only issue upon a new oath, new order and new bond. Pugh v. Flannery, supra. Counsel for appellant argues Pugh v. Flannery, was decided in 1922 and prior to a statutory amendment to Code of Practice, Article 256 by Act 216 of 1934. This amendment pro *85 vides “that nothing in this article, or in any other provisions of law, shall be' construed to mean that the sheriff is obliged to follow any particular sequence relative to the order in which he shall serve the copy of the petition, notify the garnishee, if any, and seize and detain the property of the debtor.” The amendment clearly did not in any wise alter the strict requirements of Code of Practice, Art. 254 prescribing the method of citation and service to be followed in an attachment proceeding against a nonresident defendant.
In considering the efficacy of the plea of prescription by Mrs. Irma Carlisle Jolly the following facts are pertinent to the issue. Plaintiff’s original petition sought personal service on exceptor. This attempt at service was abandoned when efforts were made through a supplemental petition filed October 13, 1952, to attach property of the defendant as a nonresident of the state. Then on October 22, 1953, another supplemental and amended petition was filed wherein it was alleged in effect that although the petition of October 13th was filed in Red River Parish, the Clerk and Sheriff failed to issue a writ of attachment and proper proceedings had not been taken to vest jurisdiction in the court.
The plea of prescription herein relied upon is Article 3534 of the LSA-Civil Code which fixed a prescription of one year, liberandi causa, for actions to recover wages of workmen, laborers and servants. This provision applies to services or wages of nurses. See: Harvey v. Succession of Nicholson, Man.Unrep.Cas. 436; Brown v. Succession of Laing, La.App.1946, 26 So.2d 34; Brown v. White, La.App.1947, 29 So.2d 193.
Plaintiff’s services were allegedly rendered over a period between February 19, 1951, and December 13, 1951. It is admitted -in judicial proceedings Mrs. Irma Carlisle Jolly was not a resident of Red River Parish and jurisdiction over plaintiff’s claim against her was dependent upon the issuance and service of attachment proceedings. It is also undisputed a valid attachment of the defendant’s property was not secured prior to October 22, 1953, which was more than a year after the nurse’s wages were earned. It follows then, the plea of prescription must be sustained unless there has been a legal interruption of current prescription. Appellant earnestly argues this was accomplished under LSA-R.S. 9:5801 and Article 3518 of the LSA-Civil Code.
Act No. 39 of 1932, now LSA-R.S. 9:-5801, provides:
“The filing of a suit in a court of competent jurisdiction shall interrupt all prescriptions affecting the cause of action therein sued upon, against all defendants, including minors and interdicts.”
The provisions also of LSA-C.C. Article 3518 are:
“A legal interruption takes place, when the possessor has been cited to appear before a court of justice, on account either of the ownership or of the possession; and the prescription is interrupted by such demand, whether the suit has been brought before a court of competent jurisdiction or not.”
The above Codal article was amended by Act No. 532 of 1954, by adding the following clause:
“The provisions of this article likewise apply to actions ex delicto, heretofore or hereafter filed, in a United States District Court of America, when and if said court holds it is not a court of competent jurisdiction.”
This amendment is not considered as having substantially added to the article as previously written. See: Henry G. McMahon, 15 Louisiana Law Review, 42. However, Act 532 has no bearing on the instant suit which was filed August 19, 1951, for if the court in Red River Parish was a court of competent jurisdiction insofar as the defendant is concerned, it is immaterial as to when or how citation and *86 service of process was had. Under LSA-R.S. 9:5801 the mere filing of suit effectively interrupts prescription. It is to be noticed, however, that under the provisions of Article 3518 of the LSA-Civil Code, the legal interruption of prescription takes place when the defendant has been cited, but from and after proper citation prescription is interrupted irrespective of whether the action was instituted before a court of competent jurisdiction.
In commenting upon the effect of Article 3518 and Act 39 of 1932, LSA-R.S. 9:5801, Judge Dore of the First Circuit Court of Appeal, in Flowers v. Pugh, 1951, 51 So.2d 136, 137, said:
“The jurisprudence is now well established that prescription is interrupted under Article 3518 by the filing of a suit in any court, whether of competent jurisdiction or not, whenever the defendant has been served with citation within the prescriptive period; prescription is not interrupted when citation to a defendant is made after the prescriptive period has run because citation to a defendant, which is the judicial notice to him to appear and answer the demand that is being made against him, is the only form of notice which will interrupt prescription. While, under the provisions of Act No. 39 of 1932, prescription is interrupted by the mere filing of a suit in a court of competent jurisdiction whether the defendant has been served with citation within the prescriptive period or not; in other words, the mere filing of a suit in a court of competent jurisdiction within the prescriptive period is sufficient to interrupt prescription. It thus becomes necessary to determine under which provisions the case at bar falls.
“In order for a court to be of competent jurisdiction, the judge thereof must have the right to take cognizance of certain causes against certain persons within his jurisdiction. Code of Practice, Article 86, supra. In order to determine whether the judge be competent or not, the object or the amount in dispute, as well as the person of the defendant, and the place where the action is brought must be considered. Code of Practice, Article 87, supra. Since the judgment of the Civil District Court for the Parish of Orleans sustained the exception to the jurisdiction ratione personae, this matter is now a closed book, thus, clearly showing the lack of jurisdiction of said district court over the person of defendants, a requisite under Code of Practice, Article 87, supra, and to not have been a court of competent jurisdiction in so far as this case is concerned as required by Act No. 39 of 1932. Thusly, the mere filing of the suit in the Civil District Court for the Parish of Orleans cannot constitute an interruption of prescription under the act. This case therefore necessarily fails under the provision of Civil Code, Article 3518.”
The cited case held that for a judge to be vested with competent jurisdiction he must have jurisdiction of the person of the defendant. The plaintiff instituted a suit in New Orleans against the insurer of James J. Pugh, a resident of Washington Parish and that court maintained a plea to the jurisdiction ratione personae. In a subsequent suit filed in Washington Parish against Pugh, more than a year after the tort upon which the action was based, the court therein held that the filing of said suit in New Orleans did not interrupt current prescription, and in order to hold such a legal interruption had taken place, it was necessary to show that citation and service were had upon Pugh prior to the filing of the suit in the only court competent as to him. Since this was not done, neither Article 3518 nor LSA-R.S. 9:5801 came into play prior to the lapse of a year and accordingly a plea of prescription was maintained.
*87 In the instant case the question rests upon whether or not the Parish of Red River was a court of competent jurisdiction as to the nonresident defendant, Mrs. Irma Carlisle Jolly.
That the court in Red River Parish where plaintiff instituted her action was not a court of competent jurisdiction as to Mrs. Irma Carlisle Jolly is an inescapable conclusion which prevents an interruption of the prescription under LSA-R.S. 9:5801. Article 3518 of the LSA-Civil Code by its very terms causes an interruption of prescription to take place only where there has been citation, and therefore interruption by authority of this article was not effective before the statute of limitation had run its course. Our finding is that the plea of prescription was correctly maintained.
Notwithstanding our decision sustaining the exception to the jurisdiction of the court as impleaded on behalf of Mrs. Ronda Carlisle Jolly, F. A. Carlisle and O. D. Carlisle, we are of the opinion the petition filed on behalf of plaintiff on November 3, 1954, is not affected by the judgment on those exceptions and the petition enjoys the status of a new suit. In Williams v. Ralph S. Miller Shows, 1941, 198 La. 870, 5 So.2d 135, 137 the Supreme Court considered an attachment proceeding where the original writ was entirely abandoned, as here, and in taking out the new writ, plaintiff complied with all the formalities necessary to give it validity as a separate and distinct proceeding. The decision stated:
“The fact that plaintiff termed her petition a supplemental and amended petition is unimportant. Plaintiff’s action in renewing her demand against defendants but for a lesser amount had the same effect as the filing of a new suit. Erwin v. Commercial and Railroad Bank of Vicksburg, 3 La.Ann. 186, 48 Am.Dec. 447; Pugh v. Flannery, 151 La. 1063, 92 So. 699; Bass v. Baskowitz, 170 La. 779, 129 So. 201.”
The judgment from which appealed is affirmed at appellant’s cost.

. We deem it unnecessary to determine if the obligation of exceptors is joint or solidary. The question is a serious one for an heir in accepting a succession binds himself only for his virile share of the debts of the estate.