GARRISON, Judge.
This is an appeal from a district court judgment which maintained defendant’s exception of no cause of action and dismissed plaintiffs’ suit. Plaintiffs appeal that judgment.
On December 12, 1979, plaintiff Carolyn Bollinger was involved in an automobile accident with Brenda Taylor, who was driving a vehicle owned by Russell Nicolosi. The Nicolosi vehicle was uninsured, so Mrs. Bollinger notified Allstate Insurance Company, who had issued the policy on the Bollinger vehicle in the name of Mrs. Bol-linger’s husband, Russell Bollinger. Allstate at that time informed the Bollingers that their policy did not have uninsured motorist coverage and advised the Bolling-ers to hire their own attorney.
The Bollingers filed suit against Taylor and Nicolosi in February, 1980, and in January, 1981 were awarded judgment against the driver of the automobile, Brenda Taylor. The suit against Nicolosi was dismissed. The trial court further found that the defendants were uninsured motorists. After judgment was rendered, however, plaintiffs discovered that defendant was insolvent and the judgment was uncollectible.
Plaintiffs therefore made demand on Allstate under their uninsured motorists coverage which was, in fact, part of the policy. Allstate refused to honor their claim because it had not been a party to the prior litigation.
Plaintiffs then filed suit against Allstate in the instant case in May, 1981. Allstate answered the petition in June, 1981, and in November, 1981, filed a pleading entitled “Exception of No Cause of Action or in the Alternative Limitation of Award.” That pleading reads in pertinent part:
“I
“That the plaintiffs set forth no right or no cause of action since the petitioner herein is (sic) already exercised his legal rights against the original tort feasor in another suit as set forth in Article VIII of his petition.”
The exception which defendant attempts to raise is clearly neither a “no cause of action” nor a “no right of action” peremptory exception. An exception of no cause of action takes as true all well pleaded allegations of the petition and addresses itself to the sufficiency in law of the petition and the plaintiff’s cause of action. Accepting the allegations of the petition, plaintiffs have a cause of action based on their contractual relationship with defendant, their uninsured motorist carrier. Moreover, plaintiffs’ right of action cannot be called into question: they obviously have legal capacity to sue, as majors and non-interdicts.
*413 From the language of the pleading, we conclude that what defendant appears to be attempting to raise is the peremptory exception of res judicata. The essential elements for this exception are stated in La.C.C. Art. 2286:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
The prior suit was an action in tort, while the instant suit is an action in contract. The demand is obviously not between the same parties. Accordingly, even a properly raised exception of res judicata could not be maintained.
Additionally, we note that although defendant is correct in stating that plaintiffs have already exercised their legal rights against the original tortfeasor in the earlier suit, they are not prohibited by law from bringing suit against their own uninsured motorist carrier. The Louisiana Supreme Court has recently determined that an uninsured or underinsured tortfeasor is solidarily liable with an automobile accident victim’s uninsured motorist carrier. Hoefly v. Government Employees Ins. Co., 418 So.2d 575 (La.1982). In that case the majority reasoned:
“Under Civil Code Article 2091 ‘(t)here is an obligation in solido on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole, and when the payment which is made by one of them, exonerates the others toward the creditor.’ When an obligation fulfills this definition and contains these ingredients, the obligation is in solido.
“The tortfeasor and the uninsured motorist carrier are obliged to the same thing. A tortfeasor is obliged to repair'the damage that he has wrongfully caused to the innocent automobile accident victim. La. C.C. art. 2315. Subject to conditions not granted the tortfeasor, the uninsured motorist carrier is independently obliged to repair the same damage. By effect of the uninsured motorist statute, La.R.S. 22:1406(D)(l)(a), and its insuring agreement, the plaintiffs’ uninsured motorist carrier is required to pay, subject to statutory and policy conditions, amounts which they are entitled under other provisions of law to recover as damages from owners or operators of uninsured or underinsured motor vehicles. By effect of law and the terms of the insuring agreement, therefore, both the uninsured motorist carrier and the tortfeasor are obliged to the same thing.
“The tortfeasor and the uninsured motorist carrier each may be compelled for the whole. The principal result of solidarity is to prevent the division of the debt and to obligate each debtor for the whole, as if he were alone.” (Citations omitted)
Because Allstate has thereby been declared a solidary obligor with Brenda Taylor, the judgment debtor whom plaintiffs originally sued, we conclude that plaintiffs are not barred from bringing suit against Allstate on the same obligation. We base our conclusion on La.C.C. Art. 2095[1] and the jurisprudence following, which has consistently held that nothing short of actual satisfaction of the debt can preclude a creditor from bringing a later suit against any other solidary debtor as the creditor chooses. Dussuau v. Rilieux, 9 Mart. (O.S.) 318 (1821); Martinstein v. Wolff, 8 Mart. (N.S.) 679 (1830); Hyde v. Wolff, 8 Mart. (N.S.) 702 (1830); Hillebrandt v. Home Indemnity Co., 177 La. 349, 148 So. 254 (1933); Bonacorso v. Turnley, 98 So.2d 295 (La.App. 1st Cir.1957); Martin v. Mud Supply Co., 111 So.2d 375 (Orl.La.App.1959), affirmed 239 La. 616, 119 So.2d 484 (1959); Gisclair v. First Nat. Bank of Lafayette, 180 So.2d 595 (La.App. 3rd Cir.1965); Flintkote Co. v. Thomas, 223 So.2d 676 (La.App. 4th Cir. 1969).
*414 Accordingly, the trial judge made an error of law in maintaining defendant’s exception of no cause of action. We therefore reverse the judgment which dismissed plaintiffs’ suit and we remand the suit to the district court in order that plaintiffs may further prosecute their claim.
REVERSED AND REMANDED.
SCHOTT, J., concurs with written reasons.

. Art. 2095 provides: “A suit brought against one of the debtors does not bar the creditor from bringing suits on the same account against the others.”