### MORALES v. FALCON.
No. 1570.

Court of Appeal of Louisiana. First Circuit.
March 23, 1936.

110

John B. Martin and Chas. T. Wortham, both of Donaldsonville, for appellant.

George R. Blum, of Donaldsonville, for appellee.

DORE, Judge.

This suit is to recover $442.12 for an alleged breach of a share-crop contract entered into between plaintiff and defendant on February 1, 1935, and for a small amount which plaintiff claims defendant owes him for labor. The suit was filed in the district court of Ascension parish, and it is alleged in the petition that the defendant is a resident of the parish of Lafourche. Defendant filed an exception to the petition on the ground: "That this Honorable Court had not jurisdiction, either ratione personae, or ratione materiæ."

The exception was sustained and the suit dismissed. Plaintiff has appealed.

As the petition shows on its face that defendant does not reside in the parish where the suit was brought, under the plain provisions of article 162 of the Code of Practice, the exception ratione personæ was well taken, unless defendant waived personal jurisdiction by coupling with his exception ratione personæ an exception ratione materiæ, or unless defendant comes within some of the exceptions provided for in the Code.

1. The Code of Practice, article 93, reads as follows:

"If one be cited before a judge whose jurisdiction does not extend to the place of his domicile, or of his usual residence, but who is competent to decide the cause brought before him, and he plead to the merit, instead of declining the jurisdiction, the judgment given shall be valid, except the defendant be a minor."

As a plea to the jurisdiction of the court ratione personæ is one purely personal to the defendant, it follows that he may waive this right to be sued at his domicile by filing another plea going to the merits or raising other issues requiring the action of the court. In other words, if the defendant desires to avail himself of this right to be sued at his domicile, he must raise this question and have it passed on in limine, and not ask the court to pass on other issues disconnected with that plea. See Martel Syndicate v. Block et al., 154 La. 869, 98 So. 400, and cases there cited.

However, it will be seen from the wording of the exception in this case that the exception ratione personæ is urged first and the exception ratione materiæ is urged in the disjunctive. The court was not required or called upon to pass on the exception ratione materiæ before passing on the exception ratione personæ. The urging of the exception ratione materiæ in the disjunctive did not have the effect of pleading to the merits in such a way as to waive his objection to the jurisdiction over his person as contemplated by article 93 of the Code of Practice quoted supra.

2. Counsel for plaintiff attempts to bring the defendant within the exception of suit at the domicile as provided for in paragraph 2 of article 165 of the Code of Practice, providing for suits at the domicile of a partnership where a partner is sued concerning the partnership. But this suit does not relate to any partnership. He is not asking for any dissolution of any partnership, or a liquidation thereof. The plaintiff asks for a money judgment alone against the defendant for the alleged violation of a contract and for labor rendered defendant.

On the face of the petition, the trial judge correctly maintained the exception ratione personæ, and the judgment is accordingly affirmed.

Affirmed.