## BROWNE et al. v. GAJAN.

### No. 1697.

Court of Appeal of Louisiana. First Circuit.

April 10, 1937.

Borron, Owen & Borron, of Baton Rouge, for appellants.

S. O. Landry, of New Iberia, for appellee.

OTT, Judge.

On September 28, 1935, plaintiffs, Andrew A. Browne and Mrs. J. A. Bernet, née, Isabelle Stanton Browne, sold to the defendant by deed a one thirty-second interest in the royalty rights in all of the oil, gas, or other minerals, except sulphur, on and under and to be produced from 450 acres of land, owned by plaintiffs, known as the Gabriel plantation, situated in the parish of Iberville, for the consideration of $450 cash. .

Plaintiffs allege in this suit that it was their intention to sell and the defendant's intention to purchase a one-eighth of one-eighth interest in the whole of any oil, gas, or other minerals, except sulphur, on and under and to be produced from said lands, instead of a one thirty-second interest as shown in said deed; that the error arose because of the fact that the defendant, either through mathematical error or by fraudulent design, gave the notary this erroneous part that was being sold. The prayer is that the deed be corrected so as to show the correct interest sold as embraced in the agreement of the parties; that said deed be reformed by striking out the words therein, "one-thirty-second ($\frac{1}{32}$)", and inserting in lieu thereof the words, "one-eight ($\frac{1}{8}$) of one-Eight ($\frac{1}{8}$)"; that the defendant be ordered and directed to execute and sign, with plaintiffs, before a notary, and within ten days after judgment becomes final, a corrected and reformed deed; and on his failure to do so within said delay, that the judgment stand as such corrected or reformed deed.

Defendant appeared through his counsel and filed at the same time two exceptions: First, an exception to the jurisdiction of the court ratione personæ, on the ground that he is a resident of the parish of Iberia and cannot be sued in the parish of Iberville; second, an exception requiring plaintiffs to elect whether or not they will proceed under their allegations that the mistake in the portion or quantity of minerals sold arose through a mathematical error on the part of defendant, or through fraudulent design.

The exception to the jurisdiction of the court was sustained and the suit dismissed. Plaintiffs have appealed.

As the petition alleges that the defendant is a resident of Iberia parish, there is no question of that fact, but plaintiffs are insisting that the court of Iberville parish has jurisdiction of the case because the action involves a matter relating to a real servitude on land situated in Iberville parish, thus giving the court of this parish jurisdiction of the case under paragraph 8 of article 165 of the Code of Practice; or, that the issue involves the revendication of real property, and, under article 163 of the Code of Practice the court where the property is located has jurisdiction.

It is a general rule in civil matters that a person must be sued before the judge having jurisdiction over the place of his domicile or residence. C.P. art. 162. For a person to be sued elsewhere than his domicile, it must clearly appear that he comes within one of the exceptions permitting suit to be brought elsewhere than at the domicile of the defendant.

It is not the object or purpose of plaintiffs' suit to revendicate or recover any real property in the parish of Iberville. Nor do the plaintiffs seek to assert any lien or privilege on such property. Therefore, it is manifest that the case does not come within the exception permitting suits against a defendant other than at his domicile, as provided for by article 163, of the Code of Practice.

It appears that plaintiffs rely principally on the exception permitting suits elsewhere than at the defendant's domicile as provided for in paragraph 8 of article 165 of the Code of Practice, which paragraph reads as follows: "In actions of trespass on real estate and in all matters relating to real servitudes, be they natural or conventional, the judge of the place where the property is situated shall have cognizance of the cases."

As the case does not involve any question of trespass on real estate, does it involve a matter relating to a real servitude so as to bring the case within this codal exception which would permit suit to be brought against defendant in a parish other than his domicile? The answer to that question makes it necessary to consider the object of the suit and the relief sought. The object of the suit is to have the deed reformed so as to express the real agreement of the parties wherein plaintiffs sold and defendant purchased a certain and specific interest in the oil, gas, and other minerals, except sulphur, on and under and to be produced from the real estate described in the deed. Assuming that the sale of this interest in these minerals on and under and to be produced from this

land creates a right thereon in the nature of a real servitude, still it cannot be said that this suit involves a matter relating to a real servitude, but it clearly involves a matter relating to the correction and reformation of a written document. Plaintiffs do not ask that the servitude be annulled, that the contract creating the servitude be set aside, or that the agreement with reference to the servitude be changed, but the burden of their complaint is that the instrument creating the servitude be corrected and reformed so as to reflect the true agreement of the parties. This has no reference to the land or the servitude which may rest upon it, but is purely a personal matter which can as well be litigated in the parish where. defendant has his domicile as in the parish where the land is located.

In the determination of the matters set up in the petition the issue will be on the question of whether or not there was an error in the deed in describing the interest conveyed, and if there was such error, how the error was caused and placed in the deed. It would make no difference in so far as the object of the suit and the relief sought are concerned had the document sought to be reformed conveyed the land in fee simple, or had the document been an insurance policy, or any other form of written contract. One of the implied obligations in every written contract requires the parties thereto to see that the document reflects their true agreement, and if it does not, to have it corrected so as to do so. This is a personal obligation of each party to the contract and follows him wherever he may go, without reference to the subject-matter of the contract. C.P. arts. 3 and 29.

From this it follows that an equitable action to reform a written document, whatever may be its nature, is purely a personal action and should be brought at the domicile of the defendant, even though the effect of reforming the document may change the title or interest of the defendant in real estate by which we mean change the title or interest as it appears in the document to the real and true agreement of the parties. The interest or title is not in such case actually changed, but only the document itself is changed and corrected so as to reflect the true title or interest. See Copley v. Berry, 12 Rob. 79; Louisiana Oil Ref. Corporation et

al. v. Gandy et al., 168 La. 37, 121 So. 183.

Learned counsel for plaintiffs further contend that, even though the exception to the jurisdiction, ratione personæ, is well founded, defendant has waived the exception by filing and submitting to the court for decision at the same time the exception of jurisdiction and the motion to require plaintiffs to elect, citing City Nat. Bank of Selma v. Walker, 130 La. 810, 58 So. 580, and Iddle. v. Hamler Boiler & Tank Co., 132 La. 476, 61 So. 532.

An exception to the jurisdiction of the court is a declinatory exception and belongs to that class of exceptions known as dilatory exceptions. C.P. arts. 331, 332, 334 and 335. So is the exception of inconsistency, requiring plaintiffs to elect, a dilatory plea, as it does not seek to defeat the action but only to retard it. C. P. art. 332.

Both of these exceptions, being dilatory in nature, under the provisions of article 333 of the Code of Practice, as amended by Act 124 of 1936, had to be pleaded at the same time. Both were filed on the same day and are contained in separate documents. In the exception to the jurisdiction of the court, ratione personæ, the defendant appears solely for the purpose of the exception, and without submitting to the jurisdiction of the court, and in the other exception defendant states that he appears solely for the purpose of the exception, and without waiving or abandoning any exception or exceptions filed herein. In filing both of these exceptions at the same time, with full reservation of his rights under both, defendant has done no more than he was required to do under the law.

By agreement of counsel, both exceptions were submitted to the court for decision at the same time, and it is because of this fact that plaintiffs now claim that defendant has waived the exception to the jurisdiction by invoking the action of the court on the other exception, without first asking the court to pass on his exception, which, if sustained, would render the court incompetent to pass on any other matters. The defendant could not plead these two exceptions at the same time without placing them both before the court for its action, as the court would have the right to pass on any matters pleaded before it so long as these matters were not withdrawn.

In submitting both matters to the court for action at the same time, from the very wording of his exceptions and from the fact that he was required to plead both exceptions at the same time, the situation is the same as though defendant had pleaded and submitted his motion to require plaintiffs to elect in the disjunctive, or, in other words, that he was submitting and urging this latter plea only in case the exception to the jurisdiction was overruled, thus giving the court the right to pass on the other. We do not think under these circumstances that defendant has submitted himself to the jurisdiction of the court as contemplated by article 93 of the Code of Practice. See, also, Morales v. Falcon (La.App.) 167 So. 109.

For the reasons assigned, the judgment is affirmed at the cost of appellant.