PER CURIAM.
In the exercise of our supervisory jurisdiction we granted alternative writs of certiorari, mandamus and prohibition in order that we might review a ruling in the case of Ellouise Estis Corley vs. J. Mike Rowan and L. L. Chevalier, doing business as the Samoa Oil Company, and Traders & General Insurance Company, No. 13,419 on the docket of the Fifth Judicial District Court for the Parish of Richland.
The petitioner herein, Ellouise Estis Corley, instituted two suits on the docket of the Fifth Judicial District Court for the Parish of Richland, seeking recovery of benefits under the Workmen’s Compensation Act, by reason of the death of her husband, Judson A. Corley, on November 18, 1955. She first brought suit against the Samoa Oil Company, alleging it to be a foreign corporation, and its insurer, Traders & General Insurance Company, which suit was No. 13,416 on the docket of said court. We are not particularly interested in the proceedings involved in that case. In Suit No. 13,419, prior to citation upon defendants Rowan and Chevalier, an exception of lis pendens was filed on behalf of said defendants on December 1, 1956. On February 4, 1957, the attorneys who filed the plea of lis pendens, appearing in their name only, filed a petition and secured an ex parte order withdrawing and striking from the record the exception of lis pendens insofar as it affected Rowan and Chevalier. Further, it was ordered that the said attorneys be stricken from the record as counsel for said defendants. The facts forming the basis for the withdrawal were set forth in the petition as follows:
“On' December 1, 1956, petitioners filed an Exception of Lis Pendens on behalf of the defendants in the above entitled and numbered cause, which appearance should have been made solely on behalf of defendant, TRADERS & GENERAL INSURANCE COMPANY for the following reasons:
“Said TRADERS & GENERAL INSURANCE COMPANY issued a policy of workmen’s compensation insurance to SAMOA OIL COMPANY, a partnership composed of J. MIKE ROWAN AND L. L. CHEVALIER. Said TRADERS & GENERAL INSURANCE COMPANY sent its file to petitioners, acting under an error of fact and believing that JUDSON A. CORLEY, for whose death benefits are claimed by plaintiff herein, was employed by said SAMOA OIL COMPANY on and prior to November 18, 1955, the date he died; whereas, in truth and in fact, which fact has just been ascertained by said TRADERS & GENERAL INSURANCE COM *273 PANY, said JUDSON A. CORLEY had not been in the employ of said SAMOA OIL COMPANY for at least one week prior to said date and on information and belief, petitioners aver was employed by L. L. CPIEVALIER, doing business as CHEVALIER DRILLING COMPANY. Petitioners were never personally employed by said J. MIKE ROWAN and/or L. L. CHEVALIER, doing business as SAMOA OIL COMPANY, and entered the aforesaid appearance upon said error of fact and, consequently, desire and are entitled to withdraw said appearance insofar as same pertains to or includes said J. MIKE ROWAN and L. L. CPIEVALIER, doing business as SAMOA OIL COMPANY.
“WHEREFORE, petitioners pray that the Exception of Lis Pendens heretofore filed by them on behalf of J. MIKE ROWAN and L. L. CHEVALIER, doing business as SAMOA OIL COMPANY, be withdrawn and stricken from the record; insofar as same pertains to said defendants and that the name of petitioners as counsel for said defendants be withdrawn and stricken from the record.”
Thereupon the court signed the following ex parte order:
“The foregoing petition and application having been read and considered and it appearing proper in the premises :
“IT IS ORDERED that the Exception of Lis Pendens heretofore filed by THEUS, GRISHAM, DAVIS & LEIGH, Attorneys for defendants, J. MIKE ROWAN and L. L. CHEVALIER, doing business as SAMOA OIL COMPANY, be and the same is hereby allowed to be and is ordered withdrawn and stricken from the record, and:
“IT IS FURTHER ORDERED that said attorneys be stricken from the record as counsel for said defendants.”
Counsel for Ellouise Estis Corley, being aggrieved at the ex parte order then filed a rule for the purpose of requiring it to be vacated and annulled. This rule, in our opinion, was considered by the court without trial determination of all circumstances which conceivably might affect the removal from the record of defendants’ appearance. The order issued by the court is attacked by Mrs. Corley as prejudicial to her cause in that it tends to remove and destroy the established jurisdiction of the court over the non-resident defendants, and this court, in the exercise of its supervisory jurisdiction, is requested to reinstate the exception of lis pendens in the record, thereby restoring jurisdiction to the court.
The ex parte order of withdrawal purports to effect the withdrawal of the appearance in the record of the case of the non-resident defendants, and also it allows withdrawal of the representation of the defendants by the attorneys. The withdrawal of representation by counsel is not at issue and we perceive no reason in this instance that could properly prevent the withdrawal of counsel. On the other hand, the withdrawal of the defendants from the case presents a more serious question and we have concluded that such withdrawal in the mode and manner in which it was obtained, is or may become prejudicial to the rights of Mrs. Corley.
Counsel earnestly contends the defendants by their appearance through the plea of lis pendens voluntarily subjected themselves to the jurisdiction of the court and impliedly waived all objections thereto, and that where the jurisdiction of a person has attached, as in this instance, the court cannot permit the defendants to remove themselves from the jurisdiction of the court simply by an ex parte order. The well settled rule in our jurisprudence is that the exception of want of jurisdiction ratione personae to be valid must be presented in limine and alone and an appearance to the suit, except for the purpose of objecting to the jurisdiction or to the *274 process of citation, subjects defendant to the jurisdiction of the court. For all purposes the exception of lis pendens constituted an appearance of said parties as of the time it was filed by taking the place &f citation and conferring jurisdiction. George W. Garig Transfer Company v. Harris, 226 La. 117, 75 So.2d 28 (1954); and Mitchell v. Gulf States Finance Corporation, 226 La. 1008, 78 So.2d 3 (1955). It seems clear, therefore, that following the filing of the plea of lis pendens, the district court was vested with personal jurisdiction over defendants, which could not be effectively withdrawn except for good cause. Since the defendants were non-residents and except for their voluntary appearance in the proceeding would be beyond the reach of legal process, the withdrawal of the defendants should not have been permitted except upon a contradictory rule. The following general rule appears in Volume 6 C.J.S. Appearances § 27, page 69:
“Before an appearance can effectively be withdrawn, leave of court for authority to do so must be obtained, and an actual withdrawal consummated. For such leave application must first be made to the court, and notice must be given to the opposing party or his counsel.
******
“ * * * leave to withdraw an appearance should ordinarily be denied if good cause therefor is not shown * * * or if it will deprive the court of jurisdiction, to the detriment of plaintiff, as where the time and opportunities to obtain jurisdiction otherwise have passed, or plaintiff’s claim will become subject to a plea of limitations which could not have been interposed at the time the appearance was made.”
From Volume 6 C.J.S. § 28, p. 70:
“§ 28. * * * the mere withdrawal of pleadings, even with leave of court, does not effect a withdrawal of an appearance previously effected thereby.
* * * * * *
“§ 30. The withdrawal by an attorney of his own appearance does not have the effect of withdrawing his client’s appearance or pleadings filed in the latter’s behalf.”
The petition of counsel filed on February 4, 1957, purporting to withdraw the appearance of J. Mike Rowan and L. L. Chevalier, and also permitting the petitioners as counselors for said defendants to be withdrawn and stricken from the record should not affect 'the jurisdiction of the court over the defendants; which attached as of the time of their general appearance in the filing of the plea of lis pendens, unless it be established, not only that the appearance was unauthorized by defendants, but that circumstances such as ratification, or agency, or other steps have been taken that should preclude the withdrawal insofar as defendants are concerned. Without questioning the right of counsel to withdraw his representation of a client, we are nonetheless of the opinion that where such withdrawal of an appearance results in prejudice to the opposing litigant, the allowance of such withdrawal by the court should be tested by contradictory proceedings.
It is our holding herein that the defendants in this proceeding subjected themselves to the jurisdiction of the court by reason of their appearance in the exception of lis pendens, and that the withdrawal of any pleading predicated on want of authority by the attorney that could adversely affect an opposing litigant, should be by contradictory rule.
It is, therefore, the judgment of this Court that the order of February 4, 1957, allowing the withdrawal of the exception of lis pendens be vacated and annulled, and that the exception of lis pendens be reinstated and restored to the record of the case. The cause is remanded to the trial *275 court for further proceeding's, not inconsistent herewith, with reservation of the rights of the defendants,' J. Mike Rowan and L. L. Chevalier, doing business as the Samoa Oil Company, by appropriate proceedings to establish that their appearance through the exception of lis pendens was unauthorized. Costs of these proceedings are to await the final outcome of the case.