461 So.2d 1055 (1984)
WASCO, INC.
v.
ECONOMIC DEVELOPMENT UNIT, INC.
No. CA 1664.
Court of Appeal of Louisiana, Fourth Circuit.
October 22, 1984.
Rehearing Denied January 24, 1985.
Writ Denied March 22, 1985.
Catherine Maureen Blackburn, New Orleans, for appellant.
Louis B. Merhige, New Orleans, for appellee.
Before BYRNES and CIACCIO, JJ., and L. JULIAN SAMUEL, J. Ad Hoc.
CIACCIO, Judge.
WASCO, INC., a Louisiana Corporation, sued ECONOMIC DEVELOPMENT UNIT, INC., a non-profit, community services organization, seeking damages for breach of a janitorial services contract. Judgment was rendered against defendant, Economic Development Unit, Inc., in the amount of $25,000.00 plus $5,000.00 attorney's fees, which judgment was suspensively appealed. Economic Development Unit, Inc.'s appellate counsel did not represent the defendant in the trial below.
On appeal defendant-appellant argues:
1) The trial court abused its discretion in not allowing appellant to introduce the testimony of any of its witnesses.
2) Plaintiff failed to meet its burden of proving entitlement to damages for breach of contract.
*1056 3) The trial court erred in awarding damages of $25,000.00 and in awarding $5,000.00 as attorney's fees.
Appellant seeks either a remand of the case to allow the introduction of the testimony of its witnesses or a reversal on the merits.

FACTS
On March 3, 1978, plaintiff-appellee, WASCO, INC., a corporation wholly owned by Spencer Washington and his wife, and defendant-appellant, ECONOMIC DEVELOPMENT UNIT, INC., a non-profit community services corporation (hereinafter "E.D.U.") entered into a written contract whereby WASCO, Inc. agreed to provide management and janitorial services for certain commercial real estate owned by E.D.U. The term of the contract was from March, 1978, through December, 1982. On November 8, 1978, the contract was amended to delete management services; WASCO, INC. was to provide janitorial services only at a monthly rate of $3500.00. Provision was made for termination or suspension by E.D.U. upon written notice of twenty-one days.
On the night of May 11, 1979, a fire occurred in the offices of Total Community Action, Inc. (hereinafter T.C.A.) which were located in the building which formed the basis of the contract. Mr. Spencer Washington (the President of WASCO, Inc.) and two WASCO employees were subsequently arrested on suspicion of aggravated arson in connection with that fire.
By letter dated August 3, 1979, E.D.U. informed WASCO that it "ha[d] no alternative, but to indefinitely suspend your maintenance contract with E.D.U. A determination will be made to resume services based on the outcome of the alleged charges filed against you by the District Attorney's Office. This suspension has an effective date as of Friday, August 31, 1979."
Plaintiff performed no further services nor did it make any formal protest of the contract termination until September 23, 1981. On October 19, 1981, WASCO filed suit seeking $640,000.00 as damages for breach of contract by E.D.U. E.D.U., through its trial attorney, filed an answer in which it denied that it breached the contract with WASCO. On May 3, 1982, a set of Interrogatories to E.D.U. was filed by WASCO. On May 24, 1982, WASCO filed a Motion to Compel Answers to Interrogatories. That matter was heard on October 22, 1982. E.D.U.'s attorney made no appearance on behalf of his client. The Court ordered E.D.U. to answer the interrogatories prior to November 8, 1982, in default of which, "defendant shall not be allowed to utilize any of the information not produced, at trial."
The interrogatories remained unanswered. The matter proceeded to trial on April 28, 1983. After plaintiff presented its case, the trial judge refused to allow defendant's witnesses to testify because E.D.U.'s trial attorney had failed to answer WASCO's interrogatories. The trial was conducted essentially as a default except that defendant's counsel was allowed to proceed with the cross-examination of plaintiff's witnesses.
Because we reverse this judgment on other grounds, we do not address the correctness of the action of the trial judge in prohibiting the introduction of any evidence by defendant.
Assuming, arguendo, that E.D.U. unilaterally breached the contract without legal cause and, therefore, is liable for any damages resulting therefrom, including loss of profits, did WASCO sustain the burden of proof required for such an award? We find it did not.
In Al Smith's Plumbing & Heating Service, Inc. v. River Crest, Inc., 365 So.2d 1122 (La.App. 4th Cir.1978), this court held as follows:
"Lost profits are recoverable in an action for breach of contract where the amount can be proved with reasonable certainty. George W. Garig Transfer v. Harris, 226 La. 117, 75 So.2d 28 (1954). Loss of profit awards may not rest on speculation or conjecture (citations omitted) unless *1057 direct evidence is not available to establish this element of damage."
In the recent case of F & F Transfer, Inc. v. Tardo, 425 So.2d 874 (La.App. 4th Cir., 1983) we stated:
The allowance of loss of profits as an element of damages is more liberal in actions purely in tort, as opposed to actions for breach of contract. See: C.C. Art. 2315. Shreveport Laundries v. Red Iron Drilling Co., 192 So. 895 (La.App., 2nd Cir., 1939). In such cases, the loss of profits is recoverable as an element of damages, if they are proven with reasonable certainty. Mire v. Timmons, 155 So.2d 265 (La.App., 2nd Cir., 1959). That is, the plaintiff must show that the loss of profits is more probable than not. Jordan v. Travelers, 257 La. 995, 245 So.2d 151 (1971).
A claim for loss of profits will not be supported by mere estimates of loss. Shreveport Laundries v. Red Iron Drilling Co., supra. This is especially true in those cases in which corroborative evidence is shown to be available and is not produced. Peoples Moss Gin Co., Inc. v. Jenkins, 270 So.2d 285 (La.App., 3rd Cir., 1972). Although the absence of independent corroborative evidence is not always fatal, the lack of even a minimal degree of detail and specificity in the plaintiff's testimony, regarding the issue of lost profits, would preclude recovery of this item of damages. Casadaban v. Bel Chemical & Supply Co., Inc., 322 So.2d 854 (La.App., 1st Cir., 1975)
In cases where direct evidence is not available to establish the exact extent of loss caused by a breach of contract, resort to customary or forseeable profit as a measure of damage is proper. Folds v. Red Arrow Towbar Sales, 378 So.2d 1054 (La.App. 2nd Cir., 1979); Al Smith's Plumbing & Heating Service, Inc. v. River Crest, Inc., supra
There is no presumption that a corporation will make a profit solely because of the existence of a contract. Loss of profits, as an element of damages, must be proved in accordance with the principles earlier enunciated.
In support of WASCO's claim for damages for breach of contract, WASCO offered the testimony of Spencer Washington, its President, and copies of two acts of sale of immovable property. The properties were alleged to have been lost by foreclosure because of E.D.U.'s breach of contract causing WASCO to have insufficient revenues to pay the mortgage notes.
No business records of WASCO were introduced in support of its claim for damages. When questioned by the Court, Mr. Washington stated that "all the records were seized by the Federal Government" and that WASCO's income tax returns for 1978, 1979 and 1980 "were still pending", and that returns for 1981 and 1982 were filed. The 1981 and 1982 tax returns were not offered into evidence nor did plaintiff offer any corroborating documentary evidence.
No evidence of any attempt to recover the allegedly missing records was introduced. WASCO offered no evidence of correspondence requesting the return of the records. No one was deposed or subpoenaed to testify as to the whereabouts of the records or to substantiate WASCO's claim of their unavailability. WASCO failed to seek the issuance of a subpoena duces tecum addressed to the U.S. Attorney or any other U.S. government employee ordering the production of the missing records before or at trial. Under these circumstances we find that WASCO failed to show that corroborative evidence of the claimed loss of profits was unavailable.
In lieu of the business records of WASCO, plaintiff relied upon the testimony of Mr. Washington. He testified that WASCO had approximately five or six employees in 1978 and that the weekly payroll was approximately $300.00 to $500.00. He declined to estimate the exact cost of janitorial supplies; stating that some of the supplies were purchased once every six months. He concluded by estimating a *1058 profit margin on the contract of sixty per cent (60%).
Although Spencer Washington testified that WASCO retained the services of a prominent C.P.A., the accountant was not called as a witness to testify on behalf of WASCO or to furnish information from his records in lieu of the missing records.
WASCO did not offer any expert testimony to establish the anticipated profits that would be customary in the janitorial service industry as a measure of damages in lieu of the proof that would normally be supplied by its missing business records.
Our examination of the record discloses that the award of damages was based solely upon the uncorroborated testimony of Spencer Washington. His testimony dealt in generalities, estimates and speculation, including his estimate of a corporate profit margin on this contract of sixty percent (60%). Since the unexpired term of the contract was forty months with a monthly fee of $3,500.00, the claimed sixty (60%) percent margin of profit would have amounted to $84,000.00. WASCO offered no evidence of its margin of profit on any other contracts that it performed during the period 1979-1982, or to the date of trial.
The trial judge rejected Mr. Washington's sixty (60%) percent profit estimate and then substituted his own conjecture that "$25,000.00 is a reasonable amount of damages to be awarded to plaintiff." This would have been a margin of profit of 17.86%. The trial judge, in his reasons for judgment, offered no explanation, formula, or evidentiary basis for his selection of this profit margin in assessing his award of damages, nor did the trial court cite any authority for the award of attorney's fees in the sum of $5000.00 in the absence of any provision for attorney's fees in the contract.
Our review of the record discloses that the trial judge was clearly wrong in awarding a judgment for loss of profits in this case, as such an award is purely speculative and unsupported by any competent evidence. WASCO may not substitute for the records it failed to produce, an uncorroborated estimate as to its loss of profits as proof of such loss. We further find that the lack of competent evidence of damages is such as to preclude any award, even under the holding in Jordan v. Travelers Insurance Co., supra, relative to the degree of certainty required to support an award of monetary damages.
Accordingly, the judgment of the trial court is reversed; plaintiff to pay all costs of these proceedings.
REVERSED.
BYRNES, J., concurs in part and dissents in part.
BYRNES, Judge, concurring in part and dissenting in part.
While I agree with the majority that the proof offered by appellee was insufficient to justify an award of damages, in my opinion, the interests of justice demand that this case be remanded for the taking of additional evidence concerning this issue.
CCP Art. 2164 mandates that an "appellate court shall render any judgment which is just, legal and proper upon the record on appeal." Under the authority of this article appellate courts may remand a case to the trial court for the taking of additional evidence when it is necessary to reach a just result. Winn State Bank & Trust Co. v. Browning, 453 So.2d 286 (La.App. 2nd Cir.1984) and the cases cited therein.
In this case it is impossible to determine if the trial judge erred without additional evidence on the issue of damages. I would therefore remand this case to the trial court for the introduction of such proof.